IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

BENJAMIN LLOYD FROST,

    Petitioner,

v.

    2:24-CV-125-Z
    (2:20-CR-14-Z-BR-6)

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION AND ORDER

Petitioner Benjamin Lloyd Frost ("Frost") filed a *pro se* amended motion to vacate, set aside, or correct sentence under 28 U.S.C. Section 2255. ECF No. 2. For the reasons stated below, the Motion is **DENIED**.

### BACKGROUND

The record in Frost's underlying criminal case, No. 2:20-cr-14-Z-BR-(6) (the "CR"), reflects the following:

On October 19, 2020, Frost pled guilty to one count of Possession With Intent to Distribute 50 Grams or More of Methamphetamine (Actual) and Aiding and Abetting, in violation of 21 U.S.C. Sections 841(a)(1) and (b)(1)(A)(viii) and 18 U.S.C. Section 2. CR ECF No. 293. On February 26, 2021, Frost was sentenced to 360 months in prison, followed by five years of supervised release. CR ECF No. 458. Frost filed an appeal on March 8, 2021, which was dismissed as frivolous by the Fifth Circuit Court of Appeals on September 30, 2021. CR ECF Nos. 489, 592.

Frost's *pro se* "Motion to Modify Judgment and Sentencing" was received by the Court on May 28, 2024. CR ECF No. 630. Frost's Motion was construed as a first motion to vacate sentence

1

under Section 2255, and this action was opened. *See* CR ECF No. 631. By order dated June 6, 2024, Frost was provided with the required warnings and instructions under *Castro v. United States*, 540 U.S. 375, 383 (2003), and he was given an opportunity to amend his filing if he intended to proceed with a Section 2255 motion. ECF No. 3. Frost's amended motion was received on June 28, 2024. ECF No. 4. Frost claims that his attorney was ineffective at trial because the attorney failed to object to a consecutive sentence or to an upward departure in sentencing.

Because Frost's amended Section 2255 motion appeared untimely, the Court directed him to respond regarding application of the one-year limitations period, which he has now done. ECF Nos. 6, 7. After a review of the relevant pleadings and law, the Court concludes that Frost's Section 2255 motion is barred by limitations and should be dismissed.

LEGAL ANALYSIS

**I. Statute of Limitations**

A motion under Section 2255 is subject to a one-year limitation period, which begins to run from the latest of the following:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Frost does not allege any facts that could trigger a starting date under Sections 2255(f)(2)–(4), so the limitations period began to run when his judgment of conviction became final. *See id.* § 2255(f)(1). Frost filed a direct appeal, which was dismissed by the Fifth Circuit Court of Appeals on September 30, 2021. CR ECF No. 592. To have been timely under Section 2255(f)(1), Frost must have filed his Section 2255 motion no later than December 30, 2022.[1] *See United States v. Gentry*, 432 F.3d 600, 604 (5th Cir. 2005) (holding that a conviction becomes final for Section 2255 purposes at the expiration of the direct appeal process). Frost did not file his Section 2255 motion until May 21, 2024 — at the earliest — so it is untimely in the absence of equitable tolling.[2]

## II. Equitable Tolling

The statute of limitations can be tolled in "rare and exceptional circumstances." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). The doctrine of equitable tolling "preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998) (internal quotation marks omitted). It "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1996). A habeas petitioner is entitled to equitable tolling only if he shows that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance prevented a timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). "[E]quity is not intended for those who sleep on their rights." *Covey v. Ark. River Co.*, 865 F.2d 660, 662 (5th Cir. 1989). The movant bears the burden to show his entitlement to equitable tolling.

---

[1] Frost's conviction became final after expiration of his deadline to file a petition for writ of certiorari with the U.S. Supreme Court.

[2] Frost does not argue actual innocence as a basis for extending his filing deadline.

3

*Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (per curiam). Courts must examine each case to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Frost states that his attorney did not tell him about his right to file a Section 2255 motion, and he was unaware until recently that he had a right to file such motion. ECF Nos. 4 at 5; 7 at 1. However, neither Frost's unfamiliarity with the law nor his *pro se* status rises to the level of a rare or exceptional circumstance warranting equitable tolling. *See United States v. Petty*, 530 F.3d 361, 365–66 (5th Cir. 2008) (stating that a lack of legal training, ignorance of the law, and *pro se* status are insufficient to equitably toll the statute of limitations). A limited education is common to many incarcerated persons and does not justify equitable tolling. *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).

Frost has presented no facts suggesting that he diligently pursued his rights or that some extraordinary circumstance prevented him from timely filing his Section 2255 motion. On this record, he has not met his burden to establish that equitable tolling is warranted. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (per curiam).

### CONCLUSION

For the foregoing reasons, Frost's motion to vacate sentence under 28 U.S.C. Section 2255 is **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2255(f); Rule 4(b) of the Rules Governing § 2255 Proceedings.

**SO ORDERED.**

September 17, 2024.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

4